ALBERT MARTIN ET AL.. APPELLANTS, v. TOWNSHIP OF WOODBRIDGE ET AL., RESPONDENTS.

Argued November 26, 1917—Decided March 4, 1918.

The amount for which lands may be sold for taxes under section 53 of the act of 1903 (*Pamph. L.*, p. 394; *Comp. Stat.*, p. 5154) cannot, in view of section 66 of the act, lawfully include the sums necessary to redeem such lands.from tax sales made prior to 1903.

On appeal from the Supreme Court, whose opinion is reported in 90 *N. J. L.* 414.

For the appellants, *Charles C. Hommann* and *Edward M. Colie.*

For the respondents, *J. H. Thayer Martin.*

The opinion of the court was delivered by

GARRISON, J.    The certificate of a tax sale made under the provisions of section 53 of the act of 1903 (*Pamph. L., p. 394; Comp. Stat., p.* 5134) was affirmed by the court below notwithstanding that there was included in the amount for which the lands were sold the several sums necessary to redeem the said land from tax sales prior to 1903, at which it had been

purchased by the taxing district. This is contrary to the express provisions of section 66 of the act of 1903, which reads as follows:

"66. This act shall take effect on the twentieth day of December, nineteen hundred and three, and its provisions shall extend to proceedings on and after that date, relating to taxes assessed in the year nineteen hundred and three, but not to proceedings relating to taxes assessed in prior years; all acts, general and special, inconsistent with the provisions of this act are hereby repealed, but this repealer shall not extend to proceedings or remedies relating to taxes assessed prior to the year nineteen hundred and three."

This statutory provision was disregarded in the court below for a reason that is thus stated in the opinion: "We do not perceive any difference between selling to make a current tax subject to a right of redemption from a prior sale, and a sale to make current taxes which shall include the amount necessary to pay the redemption fee." In this view we are unable to concur. The practical difference is that by the latter course the owner is deprived of his right to let the term for which his lands were sold run out by its own limitation which is preserved to him by the statute. Legally stated, the error of such view is that it turns a right to redeem into a compulsion to do so. More conclusive still is the fact that such view leads to the violation of a statutory provision.

The judgment of the Supreme Court is reversed and the certificate of tax sale set aside, with costs.

*For affirmance*—TRENCHARD, MINTURN, WILLIAMS, JJ. 3.

*For reversal*—GARRISON, PARKER, KALISCH, WHITE, HEPPENHEIMER, GARDNER, JJ. 6.